IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-1651-BNB

BRIAN RAY KARSTEN,

    Plaintiff,

v.

BLAKE R. DAVIS,
CAMACHO, P.A., and
FIVE JOHN/JANE DOES,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Brian Ray Karsten, is a prisoner in the custody of the Federal Bureau of Prisons at the Prison Camp (FPC) in Florence, Colorado. He initiated this action by submitting **pro se** a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and **Bivens v. Six Unkown Named Agents**, 403 U.S. 388 (1971). Mr. Karsten has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment if an initial partial filing fee.

The Court must construe the Prisoner Complaint liberally because Mr. Karsten is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for **pro se** litigants. **See Hall**, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Karsten will be ordered to file an amended complaint.

Mr. Karsten alleges in the Prisoner Complaint that he was diagnosed in 2011 by

a prison physician while incarcerated at a federal facility in Florida with a bilateral hernia.  The physician placed Plaintiff on light duty, gave him a hernia belt, and advised him that surgery would be necessary.  Mr. Karsten was transferred to FPC-Florence in August 2011.  He met with Defendant Comacho, a P.A., who assigned lifting restrictions.  Plaintiff told Comacho that the hernia belt was ineffective and that surgery had been recommended by his previous physician.  Plaintiff alleges that Defendant Comacho refused to recommend surgery because Plaintiff's condition was not life-threatening and that Comacho also refused to treat Mr. Karsten's extreme pain because of his liver problems.  At some point, the hernia "strangulated" and emergency surgery was performed.  Following the surgery, Plaintiff's pain diminished.   Mr. Karsten asserts that Defendant Comacho acted with deliberate indifference to his extreme pain by refusing to provide adequate medical care for his hernia.  Mr. Karsten further alleges that Defendant Davis, the former Warden at FPC-Florence, was made aware of Plaintiff's pain, but refused to intercede.  He seeks monetary relief.

The Prisoner Complaint is deficient because Mr. Karsten fails to allege specific facts to show the personal participation of Defendant Daniels or the John and Jane Doe defendants in a violation of his constitutional rights.  Personal participation is an essential element of a **Bivens** action. **See Kite v. Kelley**, 546 F.2d 334, 338 (1976).  Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right.  **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  **See Butler v. City of Norman**,

992 F.2d 1053, 1055 (10th Cir. 1993).  Supervisors can only be held liable for their own deliberate intentional acts.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 [or *Bivens*] for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[ *Bivens*] does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Moreover, the fact that Mr. Karsten complained to Defendant Davis about the alleged inadequate medical treatment in grievances or in verbal communications, without more, is not a sufficient basis to impose *Bivens* liability.  *See Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983"); *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted). Accordingly, it is

ORDERED that Plaintiff, Brian Ray Karsten, file **within thirty (30) days from the**

**date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Plaintiff shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Plaintiff fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss some of the Defendants without further notice for the reasons discussed above.  It is

DATED July 24, 2013, at Denver, Colorado.

                                               BY THE COURT:

                                               s/ Boyd N. Boland
                                               United States Magistrate Judge