IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-1651-BNB

BRIAN RAY KARSTEN,

    Plaintiff,

v.

BLAKE R. DAVIS,
CAMACHO, P.A., and
FIVE JOHN/JANE DOES,

    Defendants.

## ORDER

This matter is before the Court on Mr. Karsten's "Objections to Magistrate Boland's Order to File an Amended Complaint." [Doc. # 7]. For the reasons discussed below, the objections will be overruled.

Mr. Karsten is a prisoner in the custody of the United States Bureau of Prisons. He initiated this action by filing *pro se* a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unkown Named Agents*, 403 U.S. 388 (1971). On July 24, 2013, Magistrate Judge Boyd N. Boland directed Plaintiff to file an amended complaint that demonstrated the personal participation of Defendant Warden Davis and the John/Jane Doe Defendants in a deprivation of his constitutional rights.

Mr. Karsten objects to part of the July 24 Order. He concedes that Defendant Davis should be dismissed pursuant to the case law cited by the Court in the July 24 Order. However, Plaintiff objects to the Order in so far as it directs him to file an

amended complaint to show the personal participation of the John/Jane Doe Defendants in a deprivation of his constitutional rights. Mr. Karsten alleges that he has no way of determining the identify of the John/Jane Doe Defendants or "what their specific involvement is in this case until discovery is permitted." [Doc. # 7, at 1].

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's July 24 order is not clearly erroneous or contrary to law. Contrary to Plaintiff's assertions, to maintain a *Bivens* action against unknown individuals, he must allege facts to show the personal participation of each of those persons in a deprivation of his constitutional rights. *See Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (affirming dismissal of John Doe defendant where allegations of complaint failed to show that John Doe personally participated in the deprivation of medical care).

Mr. Karsten's reliance on *Bell v. City of Topeka*, No. 07-3204, 279 F. App'x 689 (10th Cir. May 23, 2008) (unpublished) is misplaced. In *Bell*, the Tenth Circuit held that the plaintiff's purported amendment to substitute a named defendant for a John Doe defendant did not relate back to the original date of filing because the requirements of Fed. R. Civ. P. 15(c)(1)(C) were not satisfied. 279 F. App'x at 692. The Circuit Court did not address whether a plaintiff asserting claims against a John Doe defendant is required to allege facts to show the personal participation of that defendant in the alleged constitutional deprivation. *Bell* therefore is inapposite to the present action and Plaintiff's objections will be overruled for the reasons discussed above. Accordingly, it

is

ORDERED that Mr. Karsten's "Objections to Magistrate Boland's Order to File an Amended Complaint" [Doc. # 7] are overruled. It is

FURTHER ORDERED that, within thirty (30) days, Mr. Karsten shall file an amended complaint, in compliance with the July 24, 2013 Order. Failure to comply with this Order and with the July 24 Order will result in dismissal of some Defendants without further notice.

DATED at Denver, Colorado, this  6th  day of   August  , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court