IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01651-WJM-MJW

BRIAN RAY KARSTEN,

Plaintiff,

v.

CAMACHO, P.A. and
FIVE JOHN/JANE DOES,

Defendants.

## ORDER ON
## DEFENDANT'S MOTION TO STAY
## (Docket No. 30)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 15) issued by Judge William J. Martinez on August 26, 2013.

Now before the court is Defendant's Motion to Stay (Docket No. 30). The court has carefully considered the subject motion and plaintiff's response (Docket No. 35). The court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**I. Background**

Pro se incarcerated plaintiff brings this matter pursuant to the Eighth Amendment. Defendant filed his Motion to Dismiss (Docket No. 27) on September 30, 2013. Defendant asserts an entitlement to qualified immunity in his individual capacity

2

and contends that plaintiff fails to state claims for relief pursuant to Fed. R. Civ. P. 12(b)(6).  In the subject motion, defendant requests that all proceedings be stayed pending resolution of the immunity defense and Rule 12(b)(6) challenge argued in his motion to dismiss.

## II. Analysis

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed."  Siegert v. Gilley, 500 U.S. 226, 233 (1991) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992) (same).  However, the defense of qualified immunity "is not a bar to all discovery." Rome v. Romero, 225 F.R.D. 640, 643 (D. Colo. 2004).  There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals.  See Rome, 225 F.R.D. at 643.  Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment.  Id. at 643-44.

As stated above, defendant raises qualified immunity as a defense in his pending motion to dismiss.  Plaintiff sues defendant in his individual capacity and seeks only money damages.  The case is still in the early stages of litigation; defendant responded to plaintiff's operative complaint with the pending motion to dismiss that could fully dispose of plaintiff's claims before engaging in the discovery process.

A court has broad discretion to stay proceedings as incidental to its power to

control its own docket. See Clinton v. Jones, 520 U.S. 681, 706-07 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery. See Behrens v. Pelletier, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)). Considering the early filing of the motion to dismiss premised on qualified immunity and that the suit is filed for money damages only, the court finds that the circumstances evaluated in Rome are inapplicable to the case at hand.

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. See String Cheese Incident v. Stylus Show, Inc., 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

A balance of the above factors favors a stay in this matter. Most significantly, the court finds that the interest of plaintiff to proceed expeditiously is outweighed by the burden on defendant of having to participate in discovery while a motion to dismiss on jurisdictional grounds is pending.

Furthermore, while the court typically discourages stays of discovery, the court acknowledges the efficiency and fairness of delaying the proceedings pending

4

resolution of a motion to dismiss that could resolve this matter in its entirety. See Harris v. United States, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth., 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted). Finally, the court finds that neither the interests of non-parties nor the public interest greatly favor one side.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Stay (Docket No. 30) is **GRANTED.** Discovery is **STAYED** pending resolution of the pending motion to dismiss (Docket No. 35). It is further

**ORDERED** that the Scheduling Conference set for October 22, 2013 at 11:00 a.m. is **VACATED**. The Show Cause Hearing set for December 3, 2013 at 10:00 a.m. remains set.

Date: October 8, 2013          s/ Michael J. Watanabe
      Denver, Colorado         Michael J. Watanabe
                               United States Magistrate Judge