IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01651-WJM-MJW

BRIAN RAY KARSTEN,

Plaintiff,

v.

CAMACHO, P.A. and
FIVE JOHN/JANE DOES,

Defendants.

---

**RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)
(Docket No. 27)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case (Docket No. 15) issued by Judge William J. Martinez on August 26, 2013.

## PLAINTIFF'S ALLEGATIONS

*Pro se* plaintiff Brian Ray Karsten asserts the following in his Amended Prisoner Complaint (Docket No. 9). In January 2011, while incarcerated at the Federal Correction Institute ("FCI") in La Tuna, Texas, plaintiff was required to flip over a large sheet of steel as part of his work duties. Plaintiff felt something pop as he flipped over the sheet.

In February, plaintiff was diagnosed with a "Bi-Lateral Hernia." Plaintiff was put on light duty and then eventually on medically unassigned status. In May, plaintiff was given a hernia belt. Soon thereafter plaintiff determined that the belt was not helping

2

and he was informed that he would need surgery.

In August 2011, plaintiff was transferred to the Federal Prison Camp, in Florence, Colorado ("FPC Florence").  Plaintiff met with Defendant Camacho (hereinafter "defendant") who told plaintiff not to lift anything over fifteen pounds.  Defendant denied surgery for plaintiff despite the previous recommendation for surgery found in plaintiff's medical records.  Defendant told plaintiff surgery was not needed because plaintiff's issue was not life threatening.  Defendant pushed plaintiff's hernia back in and told plaintiff that the belt was all he needed.

Plaintiff's hernia kept popping out despite the belt.  Plaintiff informed defendant that he was in extreme pain, however defendant did not provide plaintiff anything to relieve the pain due to plaintiff's liver problems.  Eventually the hernia "strangulated," and plaintiff was provided emergency surgery.  The surgery caused plaintiff's pain to diminish.

Plaintiff's single claim against defendant, made pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), is for deliberate indifference to extreme pain in violation of the Eighth Amendment.[1]

**<u>PENDING MOTIONS</u>**

Now before the court for a report and recommendation is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 27).  The court has carefully

---

[1] Plaintiff makes the same claim against the Five John/Jane Doe defendants.  The court entered an Order to Show Cause (Docket No. 24) on September 24, 2013 based on plaintiff's failure to identify or serve those defendants.  A Show Cause Hearing was held on December 3, 2013.  Concurrent with this recommendation, the court has entered a recommendation to dismiss the Five John/Jane Doe defendants for failure to serve/lack of prosecution.

considered the Amended Prisoner Complaint (Docket No. 9), the motion to dismiss

(Docket No. 27), plaintiff's response (Docket No. 38), and defendant's reply (Docket No.

42).  In addition, the court has taken judicial notice of the court's file, and has

considered the applicable Federal Rules of Civil Procedure and case law.  The court

now being fully informed makes the following findings of fact, conclusions of law, and

recommendations.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A motion to

dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon

which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint must be dismissed

pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead "enough facts to state a claim to

relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of

his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do . . . ."  Id. at 555 (citations

omitted).  "Factual allegations must be enough to raise a right to relief above the

speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from

conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere

metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of

the pleaded claims is insufficient; the complaint must give the court reason to believe

that *this* plaintiff has a reasonable likelihood of mustering factual support for *these*

claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)

4

(quoting Twombly, 550 U.S. at 570).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012). The court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id. The court thus "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, 671 F.3d at 1190 (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." Id.

Plaintiff is proceeding pro se. The court, therefore, reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by

attorneys.  Trackwell v. United States Government, 472 F.3d 1242, 1243 (10th Cir.

2007).  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro

se complaint to less stringent standards than formal pleadings drafted by lawyers).

However, a pro se litigant's conclusory allegations without supporting factual averments

are insufficient to state a claim upon which relief can be based.  Hall v. Bellmon, 935

F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove

facts that have not been alleged or that a defendant has violated laws in ways that a

plaintiff has not alleged.  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council

of Carpenters, 459 U.S. 519, 526 (1983).  See Whitney v. New Mexico, 113 F.3d 1170,

1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to

round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf); Drake v.

City of Fort Collins, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not

construct arguments or theories for the plaintiff in the absence of any discussion of

those issues).  The plaintiff's pro se status does not entitle him to application of different

rules.  Wells v. Krebs, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010).

## ANALYSIS

In his motion to dismiss (Docket No. 27), defendant argues that plaintiff's claim

for deliberate indifference should be dismissed because plaintiff has failed to state a

claim.

A prison official's deliberate indifference to an inmate's serious medical needs

violates the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  In

order to state an Eighth Amendment claim, "a prisoner must allege acts or omissions

sufficiently harmful to evidence deliberate indifference to serious medical needs."  Self

v. Crum, 439 F.3d 1227, 1230 (10th Cir.) (quotation omitted).  "A prison official's

deliberate indifference to an inmate's serious medical needs is a violation of the Eighth

Amendment's prohibition against cruel and unusual punishment . . . .  The test for

constitutional liability of prison officials 'involves both an objective and a subjective

component.'"  Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).  As the Tenth Circuit

has explained:

> to properly set forth an Eighth Amendment claim on which relief may be
> granted, [the prisoner] must set forth facts demonstrating [1] that his
> alleged medical need . . . was sufficiently serious to meet the objective
> element of the deliberate indifference test, *and* [2] that the Defendants'
> delay in meeting that need caused him substantial harm.  Finally, to meet
> the subjective element of the deliberate indifference test, [the prisoner]
> must allege facts supporting an inference [3] that Defendants knew about
> and disregarded a substantial risk of harm to his health or safety.

Oxendine v. Kaplan, 241 F.3d 1272, 1276-77 (10th Cir. 2001) (quotations omitted).

Defendant argues plaintiff has failed to allege sufficient facts to meet the

subjective component of an Eighth Amendment claim.  Specifically, defendant argues

plaintiff has failed to allege facts to show that defendant acted with the required culpable

state of mind.

"The subjective component is akin to recklessness in the criminal law, where, to

act recklessly, a person must consciously disregard a substantial risk of serious harm."

Self v. Crum, 439 F.3d 1227, 1231 (10th Cir. 2006) (internal quotation marks omitted).

As such, the subjective component is not satisfied "unless the [prison] official knows and

disregards an excessive risk to inmate health or safety; the official must both be aware

of the facts from which the inference could be drawn that a substantial risk of serious

harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825,

837 (1994).  A difference in medical opinion regarding treatment does not amount to a

constitutional violation.  See Thompson v. Gibson, 289 F.3d 1218, 122 (10th Cir. 2002).

Moreover, "a complaint that a physician has been negligent in diagnosing or treating a

medical condition does not state a valid claim of medical mistreatment under the Eighth

Amendment."  Estelle, 429 U.S. at 106.

Defendant points out that he provided plaintiff treatment by implementing a

fifteen pound lifting restriction, pushing in the hernia, and providing plaintiff a hernia belt.

Defendant argues this demonstrates that plaintiff received medical treatment, but just

not at the level plaintiff desired.  Furthermore, defendant argues that this demonstrates

that defendant did not purposefully fail to abate a known, serious risk.  Rather, plaintiff

merely disagreed with the treatment provided by defendant.

In response, plaintiff argues that this is not a simple matter of disagreeing as to

the scope of the medical treatment provided by defendant.  Plaintiff points to his

allegations that defendant was well aware of plaintiff's pain, that the hernia belt was

doing nothing, and that no pain medication was given.  Plaintiff alleges that defendant

"refused to intervene or to perform his gatekeeping duty" even in light of these facts.

Plaintiff argues that these allegations are sufficient to show that defendant consciously

disregarded a substantial risk of serious harm and, consequently, to present a prima

facie case of deliberate indifference.

The court finds that plaintiff's allegations largely implicate plaintiff's desire for

different treatment, specifically plaintiff's desire for surgery rather than the specific

treatment provided by defendant.  Plaintiff plainly states that he is "not alleging that

surgery was the only way to resolve the pain."  Docket No. 9, at 7.  "The prisoner's right

8

is to medical care - not to the type or scope of medical care which he personally desires.  A difference of opinion between a physician and a patient does not give rise to a claim." <u>Coppinger v. Townsend</u>, 398 F.2d 392, 394 (10th Cir. 1968).

More importantly, the court finds that plaintiff's allegations fail to meet the subjective component of the deliberate indifference test.  Plaintiff's *non-conclusory* allegations clearly only rise to the level of negligence on the part of defendant.  In essence, plaintiff claims that if defendant had more competently/carefully examined plaintiff, he would have realized that plaintiff's treatment was ineffective, and plaintiff would have received surgery sooner than he did.  Plaintiff does not allege that defendant was aware that surgery was the only option and chose to disregard that fact, i.e., that defendant acted recklessly.  Indeed, as noted above, plaintiff plainly states that he is "not alleging that surgery was the only way to resolve the pain."  Docket No. 9, at 7.  Rather, plaintiff alleges "that a competent doctor looking at [his] symptoms would have known that [surgery was necessary] and taken additional steps to confirm such a diagnosis." <u>Self</u>, 439 F.3d at 1233.  Such "negligent failure to provide medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." <u>Id.</u> (further noting that the court's subjective inquiry is limited "to consideration of the doctor's knowledge at the time he prescribed treatment for the symptoms presented, not to the ultimate treatment necessary").  As such, the court must find that plaintiff has failed to allege an Eighth Amendment claim for deliberate indifference.

9

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Docket No. 27) be **GRANTED**.


**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colo. Dep't of Corr., 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Date:  December 3, 2013                s/ Michael J. Watanabe
       Denver, Colorado               Michael J. Watanabe
                                       United States Magistrate Judge