IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01651-WJM-MJW

BRIAN RAY KARSTEN,

Plaintiff,

v.

CAMACHO, P.A. and
FIVE JOHN/JANE DOES,

Defendants.

**RECOMMENDATION THAT THE CLAIMS AGAINST THE FIVE JOHN/JANE DOE DEFENDANTS BE DISMISSED**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case issued by Judge William J. Martinez on August 26, 2013 (Docket No. 15).

This action was commenced on June 21, 2013 (Docket No. 1). On September 23, 2013, the court entered a Show Cause Order (Docket No. 24) directing plaintiff to identify the Five John/Jane Doe defendants. A show cause hearing was set for December 3, 2013. At the December 3, 2013 hearing, plaintiff indicated that he did not have names or addresses for any of the Five John/Jane Doe defendants.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

If a defendant is not served within 120 days after the complaint is
filed, the court–on motion or on its own after notice to the
plaintiff–must dismiss the action without prejudice against that
defendant or order that service be made within a specified time. But if
the plaintiff shows good cause for the failure, the court must extend
the time for service for an appropriate period. This subdivision (m)

> does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m).

In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order. If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the claims against the Five John/Jane Doe defendants should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and D.C.COLO.LCivR 41.1.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.**

3

**Makin v. Colorado Dep't of Corrections**, 183 F.3d 1205, 1210 (10th Cir. 1999);

**Talley v. Hesse**, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Dated: December 3, 2013			s/ Michael J. Watanabe
      Denver, Colorado			Michael J. Watanabe
						United States Magistrate Judge