**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 13-cv-1651-WJM-MJW

BRIAN RAY KARSTEN,

      Plaintiff,

v.

CAMACHO, P.A. and
FIVE JOHN/JANE DOES,

      Defendants.

---

## ORDER ADOPTING RECOMMENDATION AND GRANTING MOTION TO DISMISS

---

Plaintiff Brian Ray Karsten brings this case *pro se* against Defendant Camacho,

P.A. and five John/Jane Does under *Bivens v. Six Unknown Named Agents of Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971), claiming violations of his Eighth Amendment

right to medical care.  (Am. Compl. (ECF No. 9) pp. 5-7.)

This matter is before the Court on December 3, 2013 Recommendations by U.S.

Magistrate Judge Michael J. Watanabe (ECF Nos. 50 & 51) that Defendant's Motion to

Dismiss (ECF No. 27) be granted and that all claims be dismissed.  The

Recommendations are incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B);

Fed. R. Civ. P. 72(b).  For the reasons set forth below, the Recommendations are

adopted in their entirety.

## I.  BACKGROUND

Plaintiff does not object to the Magistrate Judge's recitation of the facts set forth in

the Recommendations.  (ECF No. 50 at 1-2.)  The Court therefore adopts and

incorporates the facts set forth therein.

## II.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine

*de novo* any part of the magistrate judge's [recommendation] that has been properly

objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge

may accept, reject, or modify the [recommendation]; receive further evidence; or return

the matter to the magistrate judge with instructions."  *Id*.  Here, Defendant filed a timely

objection to Magistrate Judge Watanabe's Recommendation.  *See* Fed. R. Civ. P.

72(b)(2).  Therefore, this Court reviews *de novo* the portions of the Recommendations to

which Defendant has objected.  All other portions of the Recommendations are reviewed

for clear error.  *See* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely

objection is filed, the court need only satisfy itself that there is no clear error on the face of

the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d

1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may

review a magistrate's report under any standard it deems appropriate.").

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss

a claim in a complaint for "failure to state a claim upon which relief can be granted."  In

evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded

factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red

Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In ruling on such a

motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a

claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

In addition, Plaintiff is proceeding *pro se*; thus, the Court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court, however, cannot act as advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.  ANALYSIS

There are two Recommendations pending: one to dismiss the claims against Defendant Camacho for failure to state a claim (the "Camacho Recommendation"), and the other to dismiss all claims against the John/Jane Doe Defendants (the "Doe Recommendation").  (ECF Nos. 50 & 51.)  Plaintiff objects to both Recommendations, and the Court will discuss each in turn.

### A.    Claim Against Defendant Camacho

The Camacho Recommendation concludes that Plaintiff's Amended Complaint fails to state a claim based on the finding that Plaintiff's non-conclusory allegations "clearly only rise to the level of negligence on the part of the defendant."  (ECF No. 50 at

8.)  Plaintiff objects to this finding, arguing that Defendant Camacho failed to adequately

perform his gatekeeping role, which constitutes deliberate indifference.  (ECF No. 54 at

1.)

The Court has reviewed the case law, including the cases cited by Plaintiff, and

agrees with the Magistrate Judge's analysis.  It is undisputed that Plaintiff received

treatment for his hernia in that he was given a hernia belt and, when the hernia

strangulated, received emergency surgery.  (Am. Compl. pp. 5-6.)  Neither the delay in

performing his surgery or the pain he suffered while awaiting surgery rise to the level of

an Eighth Amendment violation.  *See Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006)

(holding that the Eighth Amendment is not violated when a medical professional "merely

exercises his considered medical judgment" by making such decisions "as whether to

consult a specialist or undertake additional medical testing."); *Scott v. Gibson*, 37 F. App'x

422, 423 (10th Cir. 2002) (plaintiff's "assertions amounted only to a difference of opinion

as to the need for medical . . . treatment or the adequacy of any treatment, [therefore]

Defendants' acts did not constitute deliberate indifference").

In both his Response to the Motion to Dismiss and his Objection to the

Recommendation, Plaintiff cites and relies on *Mata v. Saiz*, 427 F.3d 745 (10th Cir.

2005), to support his claim that Defendant Camacho's failure to adequately perform his

gatekeeping role states an Eighth Amendment violation.  However, the plaintiff in that

case received no medical treatment for an excruciatingly painful heart condition, which

was later revealed to have been a heart attack.  *Id*. at 756.  The Tenth Circuit found that

the defendant's complete refusal to assess or diagnose the plaintiff's medical condition

constituted an Eighth Amendment violation.  *Id*. at 757.  Those facts are easily

4

distinguishable from this case, in which Plaintiff was receiving ongoing care for his hernia and Defendant Camacho simply refused to refer him for additional consultations with the doctors overseeing such care.  (Am. Compl. p. 5.)  As such, the Court does not find that *Mata* compels a result other than that reached in the Recommendation.

**B.     Claims Against John/Jane Doe Defendants**

Plaintiff brings claims against five John/Jane Doe Defendants who sit on the Utilization Review Committee, the entity which failed to approve surgery for his hernia. (Am. Compl. p. 7.)  Magistrate Judge Watanabe issued an Order to Show Cause as to why Plaintiff had not served the Amended Complaint on these Defendants.  (ECF No. 24.)  At the show cause hearing, Plaintiff responded that he did not have names or addresses for the John/Jane Doe Defendants.  (ECF No. 49.)  Magistrate Judge Watanabe therefore made the Order to Show Cause absolute and now recommends dismissal of these claims pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve the Amended Complaint on these Defendants within 120 days of filing.  (ECF No. 51.)

Plaintiff objects to dismissal of these claims, arguing that he should be permitted to engage in discovery to reveal who made the decision not to approve surgery for his hernia.  (ECF No. 54 at 4.)  The Court agrees that dismissal for failure to serve seems unfair because Plaintiff has not been afforded any discovery, which could reveal the members of the Utilization Review Committee.  However, the Court finds that dismissal of the claims against the John/Jane Doe Defendants is appropriate on different grounds.

As set forth above, Plaintiff has failed to state a claim against Defendant Camacho for an Eighth Amendment violation because his allegations fall short of establishing the

5

subjective prong of deliberate indifference.  The same is true as to any allegation he may have against the members of the Utilization Review Committee.  Any claim Plaintiff could bring against these individuals would also be in the nature of a claim for medical malpractice, as it would question the correctness of their medical treatment decisions, rather than rising to the level of a constitutional violation.  Even taking Plaintiff's allegations as true, the Utilization Review Committee was aware of Plaintiff's condition, considered his medical needs, and approved a consultation with a general surgeon, but decided not to approve surgery for his hernia.  (Am. Compl. p. 7.)  This is not sufficient to state a claim for an Eighth Amendment violation.  *See Fitzgerald v. Corrs. Corp. of Am.*, 403 F.3d 1134, 1143 (10th Cir. 2005) (holding that medical malpractice is not actionable under the Eighth Amendment); *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 811 (10th Cir. 1999) ("[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.").

Thus, the Court concludes that Plaintiff's claims against the John/Jane Doe Defendants fail to state a claim upon which relief could be granted, and that dismissal is appropriate.

## IV.  CONCLUSION

For the reasons set forth below, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendations (ECF Nos. 50 & 51) are ACCEPTED;

2. Plaintiff's Objection (ECF No. 54) is OVERRULED;

3. Defendant's Motion to Dismiss (ECF No. 27) is GRANTED; and

4. The Clerk shall enter judgment in favor of Defendants on all claims.  Each party shall bear his/her own costs.

6

Dated this 22nd day of April, 2014.

BY THE COURT:

William J. Martinez
United States District Judge